# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | **ORDER OF DETENTION** |
|---|---|
| v. | |
| Michael Tomasi | Case Number: CR-23-01751-01-PHX-DWL |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court has considered all the factors set forth in 18 U.S.C. § 3142(g). The Court finds that the following facts are established:

☒ by clear and convincing evidence the defendant is a danger to the community and detention of the defendant is required pending further proceedings in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and detention of the defendant is required pending further proceedings in this case.

## PART I -- FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed:

 ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq., or 46 U.S.C. App. § 1901 et seq.

 ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

 ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

 ☐ an offense involving a minor victim as set forth in 18 U.S.C. § 3142(e)(3)(E), specifically in 18 U.S.C. § _____.[1]

 ☐ an offense for which a maximum term of imprisonment of 20 years or more is prescribed pursuant to 18 U.S.C. §§ 1581-1584, 1589-1591 (Slavery and Sex Trafficking).

☐ (2) The defendant has not rebutted the presumption established by Finding No. (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community or any person.

☐ (3) There is clear and convincing evidence that the defendant has been convicted of:
- a crime listed in 18 U.S.C. § 3142(f)(1); and
- the offense was committed while the defendant was on release pending trial for a Federal, State or local offense; and
- a period of not more than five (5) years has elapsed since the date of conviction, or the release of defendant from imprisonment for the offense listed in 18 U.S.C. § 3142(f)(1).

---

[1] Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

☐ (4) The defendant has not rebutted the presumption established by Finding No. (3) that no condition or combination of conditions will reasonably assure the safety of the community and any other person.

### Alternative Findings

☐ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

### PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION

☒ (1) The Court finds that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

Defendant has been indicted on six felony offenses: three counts of Threat Against a Federal Official and three counts of Interstate Threat. The six counts stem from alleged violent and graphic threats made on three occasions against agents of the Federal Bureau of Investigation. He made those statements in an online forum. According to the Indictment, he has also posted that he wanted to sexually assault a United States Congresswoman "not because of any sexual gratification, but because he wanted "to put her through the horror of a violent rape." He previously posted "Execute United States Congressman [name redacted]" and that another woman's house needed to be firebombed and he would do it, if he were provided the address. He has also allegedly threatened online to kill a district attorney in another jurisdiction. In addition to the statements he has made online, Defendant has acquired weapons to carry out his alleged threats. During a search of Defendant's home and vehicle, an assault rifle and handgun were recovered, as well as thousands of rounds of ammunition and body armor. During the detention hearing, Defendant conceded that he has admitted to making the statements alleged in the Indictment, but he denied they were "threats" and he underscored his cooperation with law enforcement when the search warrants were executed. The Court recognizes that cooperation, but the Court finds Defendant is a danger to the community.

The Court has considered the nature and circumstances of the alleged offenses. The Court has furthered considered the strong weight of the evidence, but the Court recognizes this is the least important of the factors under the Bail Reform Act. The Court has considered Defendant's history and characteristics. He has minor criminal history and completed probation successfully over ten years ago. He has a history of mental health struggles and substance abuse. He has suffered the traumatic loss of his mother and girlfriend during his life. The Court finds Defendant poses a danger. The Court concurs with Pretrial Services that Defendant must be detained and there are no conditions of release (or combination thereof) that would be sufficient.

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☐ The defendant has no significant contacts in the District of Arizona.

- ☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.
- ☒ The defendant has a prior criminal history, albeit minor. He reportedly successfully completed probation in the prior criminal matter, which involved supplying alcohol to a minor more than a decade ago.
- ☐ There is a record of prior failure to appear in court as ordered.
- ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.
- ☒ The defendant has a history of substance abuse.
- ☐ The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.
- ☐ The defendant has ties to a foreign country.
- ☐ The defendant has used aliases or multiple dates of birth or false identifying information.
- ☐ The defendant was on probation, parole, or supervised release at the time of the alleged offense.

☐ (3) The defendant does not dispute the information contained in the Pretrial Services Report, except:

☒ (4) The weight of the evidence against the defendant is great.

☒ (5) In addition:

Although the issue of flight risk is a "closer call" than danger, the Court finds the Government has shown it is more likely than not true that Defendant is a risk of flight. As described in Part II (1) above, each of the Bail Reform Act factors favors detention, and the Court concludes Defendant must be denied as both a flight risk and a danger after considering those factors. Regarding flight, Defendant has a history of mental health and substance abuse issues. He has family support, but the Court notes that he has resided with those same family members while engaging in the alleged criminal conduct. Defendant is not a prohibited possessor, but he has amassed firearms, thousands of rounds of ammunition, and body armor. Those acquisitions, coupled with the extremely concerning alleged offense conduct, are troubling. Again, Court notes Defendant admitted to making the statements that are the subject of the Indictment in this case. The Government has met its preponderance of the evidence burden on flight.

☐ (6) The defendant has submitted the issue of detention to the Court based upon the Pretrial Services Report.

The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.

### PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 21st day of December, 2023.

Honorable Alison S. Bachus
United States Magistrate Judge